Harris, Dir., Ohio Department of Industrial Relations, et al., Appellants, *v.* Davis Construction Systems, Inc., Appellant; Eastland Joint Vocational School District Board of Education et al., Appellees.

(No. 86AP-482—Decided
December 31, 1986.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Phillip L. Hack,* for appellants James W. Harris and Ohio Dept. of Indus. Relations.

*Firend & Hudak* and *Clara J. Hudak,* for appellant.

*Squire, Sanders & Dempsey* and *R. Dean Jollay, Jr.,* for appellees Eastland Joint Voc. School Dist. Bd. of Edn., John Irvine and Janet Orendorff.

REILLY, J. Third-party plaintiff, Davis Construction Systems, Inc. ("Davis Construction"), and plaintiff-appellant, James W. Harris, Director, Ohio Department of Industrial Relations (the "department"), appeal from a judgment of the Franklin County Court of Common Pleas dismissing Davis Construction's third-party complaint brought against third-party defendants Eastland Joint Vocational School District Board of Education ("Eastland"), John H. Irvine and Janet Orendorff on a Civ. R. 12(C) motion for judgment on the pleadings.

This case involves a series of contracts entered into between Davis Construction and Eastland during the period from April 11, 1983 through July 27, 1983. Davis contracted with Eastland to paint buildings owned by Eastland. The department instituted an enforcement action pursuant to R.C. 4115.10(C) for $10,330.30 in penalties, attorney fees and other costs against Davis Construction in which the department alleged that Davis Construction failed to pay its employees prevailing wages as provided for in R.C. 4115.03 through 4115.16 (prevailing wage law).

Thereafter, Davis Construction filed its third-party complaint demanding judgment for damages jointly and severally against Eastland, Irvine and Orendorff if Davis is found liable to the state.

In the first count of its complaint, Davis Construction alleges that if it is found liable, then:

"7. * * * such liability is entirely the direct and proximate result of the actions or omissions, or other fault of Eastland, in that it neglected, refused or failed in any manner to inform or notify Davis and to include in the written contract notification of any requirement for the payment of 'prevailing wages' as required by Section 4115.06 Ohio Revised Code.

"8. Additionally and in the alternative, Eastland neglected, refused or failed to determine the 'prevailing wages' as required by Section 4115.04, 4115.08 and 4115.09 Ohio Revised Code.

"9. Additionally and in the alternative, Eastland neglected, refused or failed to designate a 'wage coordinator' as required by Section 4115.071 Ohio Revised Code."

In the second count of its complaint, Davis Construction also seeks recovery against John H. Irvine, Superintendent of Eastland, and Janet Orendorff, Treasurer of Eastland, alleging that their violations of various statutory provisions of the prevailing

wage law were the proximate cause of any liability which Davis Construction may incur.

In the third count of its complaint, Davis Construction alleges that if it is found liable:

"15. * * * such liability is in part or in full the direct and proximate result of the deliberate, knowing, intentional or reckless concealment by Irvine, Orendorff, or both of them, from Davis of any requirement for the payment of 'prevailing wages' or of the determination of same or of the designation of a 'wage coordinator' or of other material and relevant facts.

"16. Irvine, Orendorff or both of them knew or should have known that the proposals submitted by Davis, accepted by Eastland and which became the basis of the contracts referred to hereinabove, could not have been performed at the prices quoted if 'prevailing wages' were to be paid by Davis.

"17. Davis has been damaged by the said actions of Irvine, Orendorff, or both of them, in that [it] has been put to time and expense to defend this action, has incurred legal expenses and will incur further legal expenses hereafter, and, may be further damaged, to the extent any judgment may be rendered against [it] herein in favor of Harris or the Department."

Eastland filed a motion in the Franklin County Court of Common Pleas for judgment on the pleadings pursuant to Civ. R. 12(C). The court sustained the motion in favor of Eastland and concluded that:

"The Court concludes that the Prevailing Wage Law (O.R.C. 4115.03 to 4115.16 and 4115.99) in existence when the alleged operative acts occurred imposed no liability on public authorities. Liability is imposed upon public authorities under a recent amendment to O.R.C. 4115.05 but this amendment cannot be retrospectively applied pursuant to O.R.C. 1.48 and Ohio Constitution Article II, § 28."

Subsequently, Davis Construction filed a motion for relief from judgment pursuant to Civ. R. 60(B) on the ground that the amendment to R.C. 4115.05 is inapplicable to the instant case. In denying Davis Construction's motion, the court stated that:

" * * * the Third-Party Defendants are not liable under either the relevant statute in effect at the time the cause of action arose or under that law as amended subsequently."

Davis Construction and the Attorney General, on behalf of the department, filed their appeal to this court. Davis Construction advances the following five assignments of error:

"1. The court of common pleas erred in failing to find the third-party defendants liable under common law for breach of contract.

"2. The court of common pleas erred in holding that the third-party defendants are not liable under the law as amended and concluding that for this reason Eastland is not liable in this case.

"3. The court of common pleas erred in holding that the third-party defendants are not liable under the relevant statute at the time the cause of action arose.

"4. The court of common pleas erred in failing to find the third-party defendants liable to Davis for fraudulent enducement [sic] to contract.

"5. The court of common pleas erred in failing to find Irvine and Orendorff liable."

Moreover, the department has also submitted a single assignment of error alleging that the trial court erred in granting Eastland's motion for judgment on the pleadings. This assignment of error will be discussed under the third assignment of error of Davis Construction.

In the first assignment of error, Davis Construction contends that Eastland is liable to it in *quantum meruit* in the amount of $10,250.74.

Davis Construction asserts that to place the entire burden of paying $10,250.74 of prevailing wages upon it would have the effect of unjustly enriching Eastland.

It is undisputed that Eastland paid the entire contractual amount for the services performed by Davis Construction. In essence, the additional sum which Davis Construction seeks to recover under the remedy of *quantum meruit* is for any amount which it may be found to owe its employees for acting in violation of the prevailing wage law.

Davis Construction's reliance upon the case of *Lathrop Co.* v. *Toledo* (1966), 5 Ohio St. 2d 165, 34 O.O. 2d 278, 214 N.E. 2d 408, is misplaced. In *Lathrop,* the court held that where the contract is valid and expressly provides for additional work to be done, as well as the method of calculating payment, the public authority must pay the contractor for the additional work performed. This case is distinguishable from *Lathrop* since there was no additional work performed at Eastland's request. Davis Construction simply argues that had it been notified that its bid was subject to the prevailing wage law its bid would have been substantially higher.

Davis Construction had an independent duty to ensure that the contracts were in compliance with the prevailing wage law. Having failed in this duty, it cannot now allege that its performance of the contracts at the quoted prices, which did not include the prevailing wages, unjustly enriched Eastland. See *Lathrop, supra,* at 172-173, 34 O.O. 2d at 282, 214 N.E. 2d at 412-413, and the cases cited therein.

Thus, Davis Construction's first assignment of error is not well-taken.

In the second assignment of error, Davis Construction contends that the trial court erroneously held that no liability could be imposed upon Eastland because the amendment to R.C. 4115.05 could not be retroactively applied. Davis Construction is correct in that R.C. 4115.05 is inapplicable to the instant case.

Davis Construction's assertion, however, that the trial court improperly relied upon the amendment to R.C. 4115.05 neglects the court's statement in the decision that:

"The Court concludes that the Prevailing Wage Law (O.R.C. 4115.03 to 4115.16 and 4115.99) in existence *when the alleged operative acts occurred* imposed no liability on public authorities. * * *" (Emphasis added.)

Hence, the trial court found that a civil suit could not be instituted against a public authority under the prevailing wage law. Therefore, Davis Construction's second assignment of error is not well-taken.

The next issue is whether civil liability can be imposed upon a public authority that has allegedly acted in violation of the prevailing wage law.

In the third assignment of error, Davis Construction alleges that R.C. 4115.16(B) renders Eastland amenable to civil suit. R.C. 4115.16(B) states in its entirety that:

"*If the director has not ruled on the merits of the complaint within sixty days after its filing, the interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred.* The complaint may make the contracting public authority a party to the action, but not the director. Contemporaneous with service of the complaint, the interested party shall deliver a copy of the complaint to the director. Upon receipt thereof, the director shall cease investigating or otherwise acting upon the complaint filed with him pursuant to division (A) of this section. The court in which the complaint is filed pursuant to this division shall hear and decide the case, and upon finding that a violation has oc-

curred, shall make such orders as will prevent further violation and afford to injured persons the relief specified under sections 4115.03 to 4115.16 of the Revised Code. The court's finding that a violation has occurred shall have the same consequences as a like determination by the director. *The court may order the director to take such action as will prevent further violation and afford to injured persons the remedies specified under sections 4115.03 to 4115.16 of the Revised Code.* Upon receipt of any order of the court pursuant to this section, the director shall undertake enforcement action without further investigation or hearings." (Emphasis added.)

Davis Construction contends that it is an interested party under R.C. 4115.16(B) and, therefore, may make the contracting public authority a party to the action. Nevertheless, even if Eastland was properly joined under R.C. 4115.16(B), the court may only make such orders to prevent further violations of the prevailing wage law and afford injured persons the remedies specified under R.C. 4115.03 to 4115.16. The remedies available under R.C. Chapter 4115 at the time of the operative facts of this case did not provide for the relief sought herein.

In the third-party complaint filed by Davis Construction, it is alleged that Eastland failed to meet the notice requirements of R.C. 4115.06. It is also alleged that Eastland did not comply with R.C. 4115.04, 4115.08, and 4115.09 by failing to have the department determine the prevailing wage prior to advertising for bids, by failing to ascertain the prevailing rates of wages, and by awarding a contract without first determining the prevailing rate of wages. Further, Davis Construction alleges that Eastland did not designate a wage coordinator as required by R.C. 4115.071.

None of the above statutory provisions provides that a private contractor may institute a civil suit against a public authority. There are three statutory provisions which provide for legal recourse to be taken against a public authority. However, these provisions do not apply to this case: R.C. 4115.071(D), which empowers the Attorney General to sue in the name of the state "to require the public authority or prevailing wage coordinator to comply with this section"; R.C. 4115.10(A), which allows employees to recover twice the difference between prevailing wages owed and actual wages paid from a public authority that *"constructs a public improvement with its own forces"* (emphasis added); and R.C. 4115.14, which provides for the Attorney General to sue "to enjoin the awarding of * * * [a] contract for a public improvement or if the contract has already been awarded to enjoin further work under the contract" until there is compliance with the applicable requirement of the prevailing wage law.

Considering the comprehensive nature of the law's enforcement program, had the General Assembly intended to impose civil liability upon a public authority it would have expressly done so as it has in the amendment to R.C. 4115.05.

In the assignment of error filed by the Attorney General on behalf of the department, it essentially contends that civil liability can be imposed upon Eastland for its violations of the various statutory requirements under the prevailing wage law. This contention is based primarily upon a recent amendment to R.C. 4115.05, which imposes liability where a public authority has failed to notify the contractor or subcontractor of a change in the prevailing wage rates. Under this amendment to R.C. 4115.05, the effective date of which is subsequent to the filing of the present case, the public authority is civilly liable for "back wages, fines, damages, court costs,

and attorneys fees associated with the enforcement of said sections * * *."

Accordingly, Davis Construction's third assignment of error and the department's single assignment of error are not well-taken.

As to Davis Construction's fourth assignment of error, it has been alleged that Eastland is liable for fraudulently inducing Davis Construction to contract. The court in *Cohen* v. *Lamko, Inc.* (1984), 10 Ohio St. 3d 167, at 169, 10 OBR 500, at 502, 462 N.E. 2d 407, at 409, sets forth the essential elements of fraud as follows:

" '(a) a representation or, where there is a duty to disclose, concealment of a fact,

" '(b) which is material to the transaction at hand,

" '(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

" '(d) with the intent of misleading another into relying upon it,

" '(e) *justifiable reliance upon the representation or concealment,* and

" '(f) a resulting injury proximately caused by the reliance.' *Friedland* v. *Lipman* (1980), 68 Ohio App. 2d 255 [22 O.O. 3d 422], paragraph one of the syllabus." (Emphasis added.)

Davis Construction alleges in the complaint that any liability it incurs was proximately caused by the deliberate concealment that the contracts were subject to the prevailing wage law; that Eastland through its agents knew that Davis Construction could not perform at the bid price without the exclusion of prevailing wages; and that, consequently, Davis Construction incurred damages. The allegations in the complaint do not allege that there was any "reliance" on the part of Davis Construction. The complaint only states it should have been recognized that Davis Construction could not have performed at the prices quoted without excluding from the contract the prevailing wages. These allegations simply cannot be construed to constitute an allegation that Davis Construction relied upon Eastland's failure to disclose the statutory requirements as included in the prevailing wage law.

Civ. R. 9(B) states that the circumstances constituting fraud shall be stated with particularity. Construing the pleadings in the complaint most favorably to Davis Construction, we find that since it did not allege reliance, Davis Construction has failed to state a cause of action based upon fraud. Therefore, Davis Construction's fourth assignment of error is not well-taken.

In the final assignment of error, Davis Construction alleges that John Irvine, Superintendent of Eastland, and Janet Orendorff, Treasurer of Eastland, are liable for an action arising out of a contract with the board of education.

A board of education, pursuant to R.C. Title 33, is the legal entity which is responsible for entering into contracts and is capable of being sued. R.C. 3313.17 states that:

"The board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing, and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district, any grant or devise of land and any donation or bequest of money or other personal property."

Suit must be brought against a board of education in its entirety in its corporate name and, excepting a statute to the contrary, not against the in-

dividual officers of the board. See *Halliday* v. *Marchington* (1932), 44 Ohio App. 132, 184 N.E. 698. See, also, 15 Ohio Jurisprudence 3d (1979) 266, Civil Servants, Section 243.

In any event, even if Irvine and Orendorff had acted within the scope of their official duties, it was incumbent upon Davis Construction to ascertain whether Irvine and Orendorff had complied with the statutory requirements set forth under the prevailing wage law prior to entering into the contracts. See *Frisbie Co.* v. *East Cleveland* (1918), 98 Ohio St. 266, 120 N.E. 309. Hence, Davis Construction has not set forth an actionable claim against either Irvine or Orendorff. Accordingly, the fifth assignment of error is not well-taken.

The present case was dismissed on a motion for judgment on the pleadings, which states that:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

For the foregoing reasons, and in considering the standard of review on a Civ. R. 12(C) motion for judgment on the pleadings, and after considering all of the material allegations in the complaint, it is beyond a reasonable doubt that there is no set of facts which, if proved, would allow a civil action to be brought against the third-party defendants. Accordingly, Davis Construction's five assignments of error are overruled, the department's single assignment of error is also overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and OLIVITO, JJ., concur.

OLIVITO, J., of the Jefferson County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.