## Ohio Asphalt Paving, Inc.
### v.
## Department of Indus. Relations
*[Cite as 7 AOA 163]*

*Case No. 90-CA-19*
*Knox County, (5th)*
*Decided October 31, 1990*

Robert B. Weston, Zelkowitz, Barry & Cullers, 121 East High Street, Mount Vernon, OH 43050 and Roger L. Sabo, Millisor & Nobil, 41 South High Street, Suite 2195, Columbus, Ohio 43215, for Plaintiff-Appellant.

Anthony J. Celebrezze, Jr., Attorney General and James G. Neary, Ass't Attorney General, State Office Tower, 10th Floor, 30 East Broad Street, Columbus, Ohio 43266-0410, for Defendants-Appellees.

MILLIGAN, P.J.

This is an appeal from a declaratory judgment of the Knox County Court of Common Pleas ruling that appellant must produce its business records for the Department of Industrial Relations' investigation under the prevailing wage law. Appellant assigns five errors:

"ASSIGNMENT OF ERROR NO. I
"THE PREVAILING RATE OF WAGES MUST BE A PART OF THE CONTRACT DOCUMENTS.

"ASSIGNMENT OF ERROR NO. II
"A REQUIREMENT THAT A CONTRACTOR PAY PREVAILING RATE OF WAGES ONLY AFTER THE COMPLETION OF THE CONTRACT IS NOT CONSISTENT WITH NOR FULFILLING THE PURPOSES OF THE OHIO PREVAILING WAGE LAW.

"ASSIGNMENT OF ERROR NO. III
"IMPOSING A STRICT LIABILITY ON THE CONTRACTOR FOR FAILING TO PAY PREVAILING RATES SUBJECTS IT TO SANCTIONS THAT SHOULD NOT BE APPLIED TO A STATUTE WITH CRIMINAL SANCTIONS.

"ASSIGNMENT OF ERROR NO. IV
"THE OPINION OF THE LOWER COURT IS DIRECTLY CONTRARY TO THE UNITED STATES SUPREME COURT DECISION AND OTHER STATES.

"ASSIGNMENT OF ERROR NO. V
"A CONTRACTOR ON A CONSTRUCTION PROJECT IS NOT REQUIRED TO PRODUCE RECORDS TO THE DEPARTMENT OF INDUSTRIAL RELATIONS AFTER A PERIOD OF ONE YEAR FOLLOWING THE COMPLETION OF THE PUBLIC IMPROVEMENT."

With the possible exception of IV, the above are not assignments of trial court error.

The parties address these assignments of error as two issues:

"1. Whether there is a statutory duty imposed on every contractor to pay a prevailing rate of wages on a public improvement project, irrespective of the lack of any contractual provision with regard to the public project.

"2. Whether the State of Ohio, Department of Industrial Relations, can issue subpoenas requesting documents issued more than one year after the completion of a public improvement."[1]

Appellant is an Ohio corporation engaged in construction. In 1984, the Department of Industrial Relations (DIR) received a written complaint alleging that appellant had failed to pay the prevailing wage on certain public construction projects involving repair of county and township roads.

DIR requested appellant to make its records from these projects available for audit. Appellant refused to produce records for projects an which the contract did not set forth a prevailing rate requirement or which did not have an attached prevailing wage schedule. Appellant also refused to-produce records for projects which had been completed for more than one year.

DIR then served appellant with administrative subpoenas for such records. Appellant filed the present action, seeking a declaration that they are not required to produce the records listed on the subpoenas.

### I - Assignments of Error I, II, III, & IV

We have found no case law dealing expressly with this issue. Appellant relies on *University Research Assn. v. Coutu* (1981), 450 U.S. 754. However, *Coutu* involved the federal Davis-Bacon Act, and the contract at issue had been administratively determined not to call for Davis-Bacon work. *Id.*, at 756. Similarly, the cases relied on by appellee focused on different issues than the case *sub judice. Lovsey v. Morris Sheet Metal. Inc.* (1985), Athens App. No. 1242, unreported, addressed a contractor's liability to pay an increase in the wage rate for a period prior to notification of the increase. That case presented a different scenario than a case in which the contractor had never been notified that the contract is subject to the prevailing wage rate. In *Harris v. Davis Construction Systems* (1986), 34 Ohio App.3d 350, 518 N.E.2d 956, the issue before the court was the liability of the owner for failing to provide the prevailing rate to the contractor; the liability of the contractor was not an issue before the court.

The prevailing wage law applies only to construction of a public improvement. R.C. 4115.032, 4115.03, 4115.10. The law only applies to projects which cost more than $4,000. R.C. 4115.10.

The statute imposes certain duties on the public authority. Before advertising for bids, the public authority must have DIR determine the prevailing wage rate for the class of work called for by the contract. R.C. 4115.04. This schedule of wages must be attached to the specifications for the work. *Id.* This schedule must be printed on the bidding blanks, and a copy of the bidding blanks must be filed with DIR. *Id.* Any contract executed between the public authority and successful bidder must contain a provision requiring wages to be paid as fixed by the public authority. R.C. 4115.06. A public authority entering into a contract subject to the prevailing wage law must appoints one of its own employees to serve as prevailing wage coordinator during the life of the contract. R.C. 4115.071.[2]

The statute also imposes duties on DIR. DIR is to determine the prevailing wage for the contract in question, using the prevailing wage rate for the locality in question. R.C. 4115.04, 4115.05, 4115.032. DIR is also required to appoint one of its own employees to act as prevailing wage coordinator in the event that the public authority fails to appoint a coordinator. R.C. 4115.032.

Appellee argues that the contractor's duty to pay the prevailing wage rate is independent from the duties of the government. We disagree. R.C. 4115.10 states that no contractor shall violate the wage provisions of R.C. 4115.03 to 4115.16. R.C. 4115.06 provides in pertinent part:

*"In all cases where any public authority fixes a prevailing rate of wages under section 4115.04 of the Revised Code, and the work is done by contract, the contract executed between the public authority and the successful bidder shall contain a provision requiring the successful bidder and all his subcontractors to pay a rate of wages which shall not be less than the rate of wages so fixed. The successful bidder and all his subcontractors shall comply strictly with the wage provisions of the contract."* (Emphasis added).

This statute only requires the contractor to pay the prevailing wage as fixed by the public authority.

It is undisputed that the public authorities failed to include prevailing wage schedules in their contracts with appellant. They did not make reference to the prevailing wage law in their bid notices or specifications. As the prevailing wage to be paid on these contracts was never fixed, appellant cannot be liable for failing to pay the prevailing wage. The law imposes on DIR and local public authorities the duty to insure that all contracts subject to the prevailing wage law have a prevailing wage fixed in the contract. When the government fails in this duty, it cannot later seek to hold the contractor liable.

DIR's argument is further diminished by the trial court's recognition that not all of the work done by the contractor was "construction" within the meaning of the statute. A contractor is not automatically on notice that when he contracts with a public authority he must pay the prevailing wage; there must be a further determination as to whether the work is "construction" of a "public improvement" within the meaning of the statute.

A contractor is required to allow DIR to inspect payroll records covering projects for which the contractor was required to pay the prevailing rate. R.C. 4115.07. As appellant was not required to pay the prevailing wage on the contracts for which no such rate was fixed, appellant has no duty to produce such records for inspection.

#### II - Assignment of Error V

All contractors falling within or affected by the prevailing wage statutes must keep payroll records relating to the payment of wages. R.C. 4115.07. These records may not be destroyed or removed from the state for a period of one year following completion of the project. *Id.* Appellant argues that under this statute, DIR may not subpoena records for projects which had been completed for more than one year. We disagree. The statute is not in the form of a statute of limitations, restricting the time period within which DIR may examine *existing* records. It merely sets the minimum period of time for which the contractor must retain records.

Based on our decision as to the first issue, the judgment of the Knox County Court of Common Pleas is reversed.

SMART, J., and GWIN J., concur.

---

[1] As the first four assignments of error are all pertinent to the first issue, we address the case in terms of these two issues.

[2] This case arose before the 1985 amendment to R.C. 4115.05, imposing liability on public authority for failing to notify the contractor that the contract is subject to the prevailing wage law.