**Robbins Sound, Inc.**
v.
**Ohio University**
*[Cite as 8 AOA 551]*

*Case No. 89AP-1021*
*Franklin County, (10th)*
*Decided November 6, 1990*

*Mark R. Hornak, Buchanan Ingersoll, Professional Corporation, and Jerry E. Nathan, Bricker & Eckler, for Appellant.*

*Anthony J. Celebrezze, Attorney General and Gerald A. Mollica, Special Counsel, Mollica, Gall, Sloan & Sillery Co., L.P.A., for Appellee, Ohio University.*

*Alan G. Ross and Evelyn P. Schonberg, Wickens, Herzer & Panza, for Appellee, Honeywell, Inc.*

HENDRICKSON, J.

Plaintiff appeals from a judgment rendered by the Ohio Court of Claims which dismissed its complaint for damages against defendant-third-party plaintiff Ohio University. Plaintiff sought to recover from Ohio University money plaintiff was required to pay its employees under the Ohio Prevailing Wage Law for work performed on a project at Ohio University.

Ohio University, in March 1984, advertised for proposals for an integrated telecommunications system at its Athens, Ohio campus. Prospective bidders on the project received documents from Ohio University which included a prevailing wage determination packet prepared by the Ohio Department of Industrial Relations ("DIR"), dated March 26, 1984. This packet of prevailing wage determinations for Athens County, Ohio, contained no wage classification for the category "telephone installers." An updated packet of prevailing wage determinations prepared by the DIR for Athens County, which packet also did not include a determination for telephone installers, was provided in November 1984 to the three finalists in the bidding process, one of which was third-party defendant Honeywell, Inc. Subsequently, Ohio University continued to provide to Honeywell the then current prevailing wage determination packets by the DIR, but at no time did any packet contain a prevailing wage rate determination for telephone installers. Based upon the recommendation of several departments of Ohio University, an interim contingent agree-

ment was entered into between Ohio University and Honeywell in June 1985.

Although work began in July 1985, the formal agreement was not executed between Ohio University and Honeywell until August 1985. That agreement contained a prevailing wage determination packet prepared by the DIR for Athens County, dated June 7, 1985. This determination package did not include the classification for telephone installer. There is no dispute that these agreements were subject to the provisions of R.C. Chapter 4115, the Ohio Prevailing Wage Law.

Plaintiff, Robbins Sound, Inc., d.b.a., Robbins Communications, Inc. ("Robbins"), a Pennsylvania corporation, was retained by Honeywell to perform certain cable installation services on the project, which Robbins commenced in July 1985. At the time Robbins entered into its agreement with Honeywell, it was a party to a collective bargaining agreement with the local affiliate of the International Brotherhood of Electric Workers ("AFL-CIO"), and based its pricing to Honeywell on labor costs associated with the wage and benefit provisions of the labor agreement. For all relevant periods of time, Robbins paid its employees for work performed on the project at the wage rate specified in the collective bargaining agreement.

Although required by statute to provide monthly certified payroll report forms to Ohio University for all employees working on the project, Honeywell first provided such documents to Ohio University in December 1985, following several oral and written requests by the University. These reports listed Robbins' employees as telephone installers. When the DIR received several complaints from various employees in January 1986 regarding the wage being paid by plaintiff, it undertook an investigation of the rate paid by Robbins to its employees. The DIR notified Ohio University in late January 1986 that it had initiated an investigation under the prevailing wage law to determine whether Robbins was complying with that law. Ultimately, the DIR concluded that the proper classification for Robbins' employees, with one exception, was "telephone installer."

Further investigation by Ohio University revealed that it had not obtained a prevailing wage determination from the DIR for telephone installers and that no prevailing-wage

determination packet provided to Honeywell in conjunction with the project contained such classification.

A telephone installer classification for Athens County had been in effect since January 1985, but was not included by the DIR in its prevailing wage packet for the Ohio University project. On February 18, 1986, the DIR provided Ohio University with its first prevailing wage rate for telephone installers. Ohio University then provided this information to Robbins on February 26, 1986. A subsequent change in the prevailing wage rate determination for telephone installers was made by the DIR in March 1986, which change was provided to both Robbins and Honeywell. Based upon the investigation undertaken by the DIR, it was determined that Robbins had underpaid its employees a total of $171,043.26 for the period ending February 1, 1986. For the period February 1, 1986 through April 15, 1986, the DIR determined that Robbins had failed to pay its employees a total of $46,040.38 under the revised prevailing wage rate.

Ohio University, on April 12, 1986, ordered that work cease on the project for the reason that Robbins had failed to pay its employees the prevailing wage rate for telephone installers. As a result of this work stoppage, representatives of Honeywell, Robbins, the DIR, and Ohio University met in Columbus. At this meeting, the Ohio Attorney General and the DIR represented that they would immediately issue a stop work order on the project, without prior notice or hearing, unless Honeywell and Robbins agreed to pay their employees on the project the prevailing wage rate for telephone installers. This threat was underscored by the representation of Ohio University that it would enforce a $2,000 per day penalty provision in the agreement for delays. As a result of this meeting, Robbins and Honeywell executed a settlement agreement with the DIR on July 30, 1986. Pursuant to that agreement, Robbins agreed to pay its employees the sum of $180,000 in settlement of all claims.

Plaintiff then commenced this action in the Ohio Court of Claims on June 30, 1987. Robbins sought recovery from Ohio University damages which were allegedly incurred as a result of the failure of Ohio University to

provide Robbins with the prevailing wage rate determination for telephone installers as required by R.C. Chapter 4115, the Ohio Prevailing Wage Law. Specifically, Robbins alleged that Ohio University failed to comply with its statutory duty to obtain from the DIR the prevailing wage rate determinations for all employees working on the project and its duty to provide such determinations to all employers performing such work. Robbins also alleged claims for contribution and indemnification arising from its payment of the $180,000 settlement. Ohio University answered and filed a third-party complaint in August 1987 against Honeywell, setting forth claims for breach of contract, contribution and indemnification.

Following a joint stipulation of facts, the parties submitted trial briefs to the Court of Claims for determination on the merits. In a sixteen-page decision, rendered May 19, 1989, the Court of Claims dismissed plaintiff's complaint in its entirety. Finding that the third-party complaint of Ohio University against Honeywell was moot, that action was dismissed as well. In essence, the Court of Claims concluded that it lacked jurisdiction over the subject matter of plaintiff's complaint and that plaintiff failed to state a claim for relief under R.C. Chapter 4115.

Plaintiff now appeals and sets forth the following assignments of error:

"1. Whether the Court of Claims erred in concluding that it lacked jurisdiction to resolve the issues presented by the Complaint because Robbins lacked standing to pursue those claims?

"2. Whether the Court of Claims erred in concluding that no right of action existed in a subcontractor such as Robbins under the Prevailing Wage Law allowing for recovery?

"3. Whether the Court of Claims erred in concluding that no 'change' had occurred in the wage rate specified for the Project within the meaning of R.C. §4115.05?

"4. Whether the Court of Claims erred in failing to conclude that the Ohio Constitution was violated if Robbins was denied a remedy against Ohio University.

"5. Whether the Court of Claims erred in finding as a matter of fact that Robbins had, at all times relevant to this action, received the prevailing wage packet containing wage rates other than those for 'telephone installers'?

"6. The Court of Claims erred in failing to conclude that Robbins' claims for indemnity or contribution were valid."

Although plaintiff sets forth six assignments of error, the first four assigned errors raise but two issues. Specifically, plaintiff contends by way of these assignments of error that the claims court erroneously concluded plaintiff's complaint failed to state a cause of action under R.C. Chapter 4115 and that the Court of Claims erroneously determined that it lacked subject-matter jurisdiction. It is plaintiff's position that Ohio University violated several statutory duties, which duties it could not delegate to plaintiff. Absent enforcement of such duties by suit in the Court of Claims, Robbins contends that Ohio University will escape liability for failing to perform such duties. Robbins maintains that R.C. 4115.05 grants it the right to pursue a private civil suit in the Court of Claims for damages caused by Ohio University's failure to comply with its statutory duties. Robbins also contends that, contrary to this court's decision in *Harris v. Davis Construction Systems, Inc.* (1986), 34 Ohio App. 3d 350, R.C. 4115.16(B) provides a civil remedy for a party aggrieved by the failure of a public authority to comply with R.C. Chapter 4115. At the least, plaintiff insists that R.C. Chapter 4115 creates an implied private cause of action in favor of any party adversely affected by the failure of a public authority to comply with the provisions of the Ohio Prevailing Wage Law.

In addressing plaintiff's contentions, this court begins by noting that "*** the primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector." *State, ex rel. Evans, v. Moore* (1982), 69 Ohio St. 2d 88, 91. This purpose is achieved through a comprehensive statutory scheme which includes administrative, civil and criminal proceedings. See *State v. Buckeye Electric Co.* (1984), 12 Ohio St. 3d 252, 253; *State, ex rel. Harris, v. Williams* (1985), 18 Ohio St. 3d 198, 200; and *Harris v. Van Hoose* (1990), 49 Ohio St. 3d 24, 26. Additionally, the statute identifies various duties which are required to be performed by public authorities, contractors and subcontractors.

Pertinent to this appeal, R.C. 4115.04 provides in part:

"Every public authority authorized to contract for or construct with its own forces a public improvement, before advertising for bids or undertaking such construction with its own forces, shall have the department of industrial relations determine the prevailing rates of wages of mechanics and laborers in accordance with section 4115.05 of the Revised Code for the class of work called for by the public improvement, in the locality where the work is to be performed. Such schedule of wages shall be attached to and made part of the specifications for the work, and shall be printed on the bidding blanks where the work is done by contract. ***"

R.C. 4115.05 states in part:

"The prevailing rate of wages to be paid for a legal day's work, as prescribed in section 4115.04 of the Revised Code, to laborers, workmen, or mechanics upon public works shall not be less at anytime during the life of a contract for the public work than the prevailing rate of wages then payable in the same trade or occupation in the locality where such public work is being performed ***.

"***

"Every contract for a public work shall contain a provision that each laborer, workman, or mechanic, employed by such contractor, subcontractor, or other person about or upon such public work, shall be paid the prevailing rate of wages provided in this section.

"***

"Where contracts are not awarded or construction undertaken within ninety days from the date of the establishment of the prevailing rate of wages, there shall be a redetermination of the prevailing rate of wages before the contract is awarded. Upon receipt from the director of industrial relations of a notice of a change in prevailing rates, a public authority shall, within seven working days after receipt thereof, notify all affected contractors and subcontractors with whom the public authority has contracts for a public improvement of the changes and require the contractors to make the necessary adjustments in the prevailing wage rates.

"If the director of industrial relations determines that a contractor or subcontractor has violated sections 4115.03 to 4115.16 of the Revised Code because the public authority has not notified the contractor or subcontrac-

tor as required by this section, the public authority is liable for any back wages, fines, damages, court costs, and attorney fees associated with the enforcement of said sections by the director for the period of time running until the public authority gives the required notice to the contractor or subcontractor." R.C. 4115.06 states:

"In all cases where any public authority fixes a prevailing rate of wages under section 4115.04 of the Revised Code, and the work is done by contract, the contract executed between the public authority and the successful bidder shall contain a provision requiring the successful bidder and all his subcontractors to pay a rate of wages which shall not be less than the rate of wages so fixed. The successful bidder and all his subcontractors shall comply strictly with the wage provisions of the contract."

Finally, R.C. 4115.08 requires that:

"No public official, authorized to contract for or construct with his own forces a public improvement, shall fail, before advertising for bids or undertaking such construction with his own forces, to have the department of industrial relations determine the prevailing rates of wages of mechanics and laborers for the class of work called for by the public improvement in the locality where the work is to be performed, as provided in section 4115.04 of the Revised Code."

Upon review of the above-referenced sections of the Revised Code, it is clear that Ohio's Prevailing Wage Law imposes upon public authorities, contractors and subcontractors a duty to ensure that all public improvements within the purview of R.C. Chapter 4115 are constructed by employees who are paid the prevailing wage rate for the locality in which the public improvement is situated. It is also clear that the General Assembly has provided several avenues by which interested parties, as defined by R.C. 4115.03(F), may enforce these duties. R.C. 4115.032 provides that:

"*** [a]ll contractors and subcontractors *** shall be subject to and comply with sections 4115.03 to 4115.16 of the Revised Code and the department of industrial relations shall and any interested party may bring proceedings under such sections to enforce compliance."

Additionally, as this court noted in *Davis Construction Systems, supra:*

"*** There are three statutory provisions which provide for legal recourse to be taken against a public authority. *** R.C. 4115.071(D), which empowers the Attorney General to sue in the name of the state 'to require the public authority or prevailing wage coordinator to comply with this section'; R.C. 4115.10(A), which allows employees to recover twice the difference between prevailing wages owed and actual wages paid from a public authority that *'constructs a public improvement with its own forces'* (emphasis added); and R.C. 4115.14, which provides for the Attorney General to sue 'to enjoin the awarding of *** [a] contract for a public improvement or if the contract has already been awarded to enjoin further work under the contract' until there is compliance with the applicable requirement of the prevailing wage law." *Id.* at 354.

In *Davis Construction Systems, supra,* we also stated that the 1985 amendment to R.C. 4115.05 imposes liability upon a public authority who has failed to notify a contractor or subcontractor of a change in the prevailing wage rate. *Id.* at 354. Finally, R.C. 4115.16 provides an additional administrative procedure by which compliance with R.C. Chapter 4115 may be enforced through the DIR and subsequent appeal to the common pleas courts.

In light of the foregoing, R.C. Chapter 4115 imposes certain duties and creates specific remedies to achieve the underlying purpose of ensuring that employees who perform labor on a public improvement are paid the prevailing wage rate enjoyed by similar employees working on private projects in a given locality. *Davis Construction Systems* makes clear that R.C. Chapter 4115 creates no private cause of action against a public authority who fails to comply with its statutory duties, except as specifically provided under Ohio's Prevailing Wage Law.

Contrary to plaintiff's assertions on appeal, the mere absence of a remedy in favor of a subcontractor by way of a civil suit in the Court of Claims does not render unenforceable the various duties imposed by R.C. Chapter 4115. Rather, such duties may be enforced by a variety of methods. R.C. 4115.032 authorizes any interested party, which term includes subcontractors, to bring proceedings under R.C. 4115.03 to 4115.16 to enforce compliance. Likewise, R.C.

4115.071(D) authorizes a suit by the Attorney General to insure that a public authority performs the duties specified in that section. In addition, R.C. 4115.14 provides for a suit by the Attorney General to either prevent the letting of a contract or the performance of an executed contract until the public authority complies with the provisions of R.C. 4115.03 to 4115.16. Finally, to the extent the public authority has violated any provision of R.C. 4115.03 to 4115.16, an interested party may file a complaint with the DIR and request that an investigation be undertaken. If no violation is found or if more than sixty days elapses before the DIR has ruled on the merits of the complaint, such interested party is authorized to either appeal the DIR determination or to institute a complaint in the common pleas court in the county in which the violation is alleged to have occurred. If the court determines that a violation has occurred, it has the power to enjoin further violation and afford any of the relief specified by R.C. 4115.03 to 4115.16.

Upon review of the foregoing sections, Robbins is not without a remedy for any of the alleged violations occasioned by the failure of Ohio University to comply with R.C. 4115.08. For example, to the extent Ohio University failed to have the DIR determine the prevailing wage rate for employees performing the *class of work called for by the public improvement,* plaintiff was entitled to seek compliance with R.C. 4115.08 either directly by mandamus, as authorized by R.C. 4115.031, or through the enforcement provisions provided in R.C. 4115.16. The power to seek such remedies is not relegated to an after-the-fact determination, but may be brought during the bidding process. As such, if Ohio University failed to either determine or provide in its bidding packets the prevailing wage rates for the specific class of employees called for by the project, plaintiff was entitled to enjoin the bidding process until Ohio University made such determination and provided the specific wage rates for telephone installers. Moreover, to the extent Honeywell failed to provide the monthly payroll reports required by R.C. 4115.071(C), plaintiff could have enjoined further work on the project until Honeywell and Ohio University complied with this section. Finally, if plaintiff was unhappy with the determination of the DIR regarding either the classification

of plaintiff's employees or the assessment of the back pay award, plaintiff was entitled to appeal such determination to the court of common pleas court. Clearly, R.C. Chapter 4115 provides specific procedures to correct the failure of a public authority to comply with its statutory duties. Merely because plaintiff is unable to seek the relief it desires in the Court of Claims does not render R.C. Chapter 4115 violative of Section 16, Article I, Ohio Constitution.

In addition to the enforcement remedies provided by R.C. Chapter 4115, R.C. 4115.05 provides a civil remedy running in favor of a subcontractor who has not been notified by the public authority of changes in the prevailing wage rates either before or within ninety days of the date construction began. *Davis Construction Systems, supra,* at 354. While plaintiff argues that the 1985 amendment to R.C. 4115.05 imposed civil liability upon a public authority for any violation of R.C. Chapter 4115, a review of the section before and after the amendment reveals a legislative intent to impose liability upon a public authority only for failing to notify a contractor or subcontractor of *changes* in the prevailing wage rate when such changes occur when a contract is not awarded or construction is not undertaken within ninety days of the determination of the prevailing wage rate. The 1985 amendment required a public authority, upon notification by the DIR of a change in prevailing wage rates, to notify all affected contractors and subcontractors of the change. If the public authority fails to notify a contractor or subcontractor of the change in prevailing wage rates received from the DIR, such public authority is liable for back wages, fines, damages, court costs and attorneys fees. Liability is imposed under this section only for failing to notify employers of changes in the prevailing wage rate.

There is simply no evidence in the record before this court to support plaintiff's contention that the prevailing wage rate for telephone installers changed prior to February 1, 1986 so as to provide relief pursuant to R.C. 4115.05. The record reveals only that the telephone installer wage rate was established in February 1985 and that construction was undertaken in July 1985. The parties' stipulations indicate that the prevailing wage rate for telephone installers during that period was $14.30 per hour. The Court of Claims did not err in finding that Robbins failed to establish a viable claim for relief pursuant to R.C. 4115.05.

Finally, the claims court correctly concluded that it was without jurisdiction to entertain any suit brought pursuant to R.C. 4115.16. As noted above, that statute specifically vests in the courts of common pleas jurisdiction to entertain either appeals or civil actions arising subsequent to the filing of a complaint with the Department of Industrial Relations. That statute does not authorize suits in the Court of Claims, but rather, restricts such actions to the court of common pleas. With respect to the jurisdiction of the Court of Claims over suits brought pursuant to R.C. 4115.05, any error in the jurisdictional findings of the Court of Claims was nonprejudicial in light of this court's conclusion that plaintiff failed to present any facts which would support such a claim for relief.

Based on the foregoing, plaintiff's first four assignments of error are overruled.

Under its fifth assignment of error, plaintiff contends that the Court of Claims erred in finding the plaintiff had received all prevailing wage packets provided by Ohio University for the relevant time periods. It is Robbins' position that this fact was not stipulated and there is no evidence to support such a finding since Robbins had no contract with Ohio University.

Regardless of whether there was error in making such finding, this court is unable to discern, and Robbins has failed to demonstrate any prejudice arising from the alleged error. There is no indication that the Court of Claims premised its decision in any way upon such fact. Instead, the Court of Claims merely suggested that Robbins exposed itself to the very liability which ensued when it submitted a bid based upon labor costs derived from the collective bargaining agreement which covered its employees in Pennsylvania. Every subcontractor performing work on a public project in this state has an independent duty to ascertain the prevailing wage for such projects. See R.C. 4115.032, 4115.06, 4115.071(C) and 4115.10(A).

The fifth assignment of error is overruled.

Under its final assignment of error, plaintiff contends that the Court of Claims erred in failing to uphold the validity of its claims for indemnity and/or contribution.

Plaintiff contends that, because Ohio University is primarily liable for payment of back wages occasioned by its negligence, plaintiff may seek contribution or indemnity from Ohio University premised upon its discharge of the university's obligation by payment of the $180,000 settlement.

Plaintiff does not specify any section of the Revised Code, other than R.C. 4115.05, which imposes primary liability upon a public authority for payment of wages where such public authority does not undertake the construction of public improvement with its own forces. Rather, the primary liability for payment of such wages is imposed upon contractors and subcontractors who undertake the construction of the public improvement. See R.C. 4115.10(A). Further, as discussed above, R.C. 4115.05 has no application under the facts of this case. After all, there is no evidence in the record before this court to support a finding that Ohio University was primarily liable to plaintiff's employees for the payment of back wages under R.C. Chapter 4115.

Neither is this court able to ascertain any contract between Ohio University and plaintiff which would support its claim for indemnification. Any error in failing to rule upon plaintiff's claims for contribution and indemnity was nonprejudicial under the facts of this case.

The sixth assignment of error is overruled.

Having overruled all assignments of error, the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

WHITESIDE and YOUNG, J.J., concur.

HENDRICKSON, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.