## INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 8

v.

## VAUGHN INDUSTRIES, L.L.C.

2005-Ohio-4115.]

Court of Common Pleas of Ohio,
Wood County.

No. 05–CV–155.

Decided Aug. 1, 2005.

2

Alan G. Ross and David T. Andrews, for defendant.

Joseph M. D'Angelo, for plaintiff.

---

Pollex, Judge.

{¶ 1} This cause came before the court on defendant's motion to dismiss the complaint, or in the alternative, to transfer venue. Plaintiff filed a brief in opposition. Upon due consideration, the court finds the motion not well taken and that it should be denied.

{¶ 2} In defendant's motion to dismiss, defendant argues that this court lacks jurisdiction to render judgment in this case involving violations of the prevailing-wage law. In the alternative, defendant contends that this court is an improper venue to hear the complaint because the alleged violations did not occur in Wood County.

{¶ 3} R.C. 4115.16(B) governs the filing in the common pleas court of a prevailing-wage-law complaint by an interested party. The statute states, "[T]he interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred." Defendant asserts that the alleged violations—that the defendant failed to deliver to the prevailing-wage coordinator a certified copy of its payroll exhibiting fringe benefits for each employee paid wages on the project and that defendant paid its employees less than the prevailing rate of wages—all occurred at its corporate office located in Wyandot County.

{¶ 4} The court must first determine whether defendant's motion raises a question of venue or subject matter jurisdiction. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits; venue connotes the locality where the suit should be heard." *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. "Subject-matter jurisdiction defines the competency of a court to render a valid judgment in a particular action." Id. The question before the court is whether R.C. 4115.16(B), which requires the action to be brought in the common pleas court of a certain county, should be regarded as specifying the proper venue whether it limits jurisdiction to the court of the designated county. The court finds it a jurisdictional statute.

{¶ 5} The Ohio Constitution provides that all "courts of common pleas * * * shall have original jurisdiction over all justiciable matters * * * as may be

provided by law." Section 4(B), Article IV, Ohio Constitution. It also provides, "The supreme court shall prescribe rules governing practice and procedure in all courts of the state * * * *." Section 5(B), Article IV, Ohio Constitution. Pursuant to these provisions, the legislature may prescribe the jurisdiction of the courts of common pleas, but it is the Supreme Court that may delineate procedural matters. Venue is a procedural matter. It is within the rule-making power of the Supreme Court, not the legislature. *Morrison v. Steiner*, 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841; paragraph two of the syllabus. Therefore, the court concludes that the county-of-violation filing requirement in R.C. 4115.16(B) relates to jurisdiction, not venue. "If [the statute] were held to be a venue provision, said provision would be an enactment of the legislature relating to procedure in an area in which the Ohio Supreme Court has already promulgated a rule, being Civ.R. 3(B). The statute would have to be held unconstitutional and in violation of the procedural rulemaking authority of the Ohio Supreme Court under Section 5(B), Article IV of the Constitution of Ohio. *State ex rel. Silcott v. Spahr* (1990), 50 Ohio St.3d 110, 552 N.E.2d 926." *Rose v. Mays* (Nov. 1, 1995), 2nd Dist. No. CA–15084, 1995 WL 643123, *4.

{¶ 6} The question then becomes whether this court has proper jurisdiction over the action. As stated earlier, the statute provides, "[T]he interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred." The violations alleged in the complaints are fairly clear. Defendant allegedly failed to comply with R.C. 4115.071(C) by willfully *failing to deliver* to the prevailing-wage coordinator a certified payroll that exhibited, among other things, fringe benefits; and by *paying* its employees less than the prevailing rate of wages then payable in the same trade or occupation in Wood County in violation of R.C. 4115.10. (Emphasis added.)

{¶ 7} In order to identify the place where the violations occurred, it must be determined what constitutes the act of delivery and the act of payment. The words "deliver" and "payment" are not defined in the statute. The court discerns from the parties' arguments that the words can be interpreted in at least two ways. Defendant suggests that when the complainant alleges failure to pay the prevailing wage rates or failure to deliver certified payroll reports, the complaint must be filed in defendant's principal place of business, in this case in Carey, Ohio, where the payroll was issued and where the certified payroll report was mailed. Plaintiff, on the other hand, argues that the statute must be interpreted to mean that the complaint should be filed in the county in which the public improvement is located, where the employees performed the work, and where the wage coordinator was supposed to receive the reports.

{¶ 8} In interpreting ambiguous statutes, courts may examine the object sought to be attained by the statute and the consequences of a particular

construction. R.C. 1.49. After thoroughly reviewing the prevailing-wage statutes and case law and applying principles of statutory interpretation, the court concludes that a complaint alleging violations of the prevailing-wage law may be filed in the court of the county where the public improvement project is located. A contrary interpretation would run counter to the purpose of the prevailing-wage law and run afoul of the principles of judicial economy.

{¶ 9} "The prevailing wage law evidences a legislative intent to provide a comprehensive, uniform framework for, inter alia, worker rights and remedies vis-a-vis private contractors, sub-contractors and materialmen engaged in the construction of public improvements in this state. The prevailing wage law delineates civil and criminal sanctions for its violation. Above all else, the primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector." *State ex rel. Evans v. Moore* (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 147, 431 N.E.2d 311. "R.C. Chapter 4115 imposes certain duties and creates specific remedies to achieve the underlying purpose of ensuring that employees who perform labor on a public improvement are paid the prevailing wage rate enjoyed by similar employees working on private projects in a given locality." *Robbins Sound, Inc. v. Ohio Univ.* (1990), 70 Ohio App.3d 212, 220, 590 N.E.2d 877.

{¶ 10} The statute explicitly provides where the claim may be brought. That particular statute was not crafted for the convenience of the parties. Otherwise, the legislature could have left the county of filing covered by venue rules. The legislature, by specifying the county in which the complaint may be filed, has manifested its intent to provide the most effective method of enforcing the law and adjudicating prevailing-wage-law violations.

{¶ 11} To read the word "delivery" to mean the act of mailing would emasculate the purpose and intent of the prevailing wage law. The purpose of delivery of certified payroll reports to the wage coordinator under the statute is to allow the wage coordinator to perform his duty to set up and maintain files of payroll reports for public inspection. R.C. 4115.071(A). This permits proper disclosure to ensure contractors' compliance with the law. Therefore, defendant's act of mailing the certified payroll reports has no legal significance. A contractor complies with the statute when there is actual or complete physical delivery to the wage coordinator. Therefore, failure to deliver the reports to the wage coordinator occurred in Wood County, where the wage coordinator held office.

{¶ 12} The court also concludes that the place of payment means the location where the duty to pay prevailing wages accrued or where the work was performed. To hold otherwise would result in a situation in which one public

improvement project can give rise to multiple lawsuits filed in different counties. It is even conceivable that one contractor may be sued in different counties under defendant's interpretation of the statute. The legislature could not have intended to fractionalize prevailing-wage proceedings by having different claims litigated in different courts. Such a result is contrary to principles of judicial economy.

{¶ 13} In a similar case involving these same parties, the Sixth District Court of Appeals held that this Wood County Common Pleas Court had jurisdiction to hear and decide all matters in a prevailing-wage law case involving public improvement projects located in Bowling Green. See *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Indus., Inc.*, 156 Ohio App.3d 644, 2004-Ohio-1655, 808 N.E.2d 434. It was so decided for different reasons. However, a court of appeals is bound to raise any jurisdictional questions not raised by the parties. *Levinsky v. Boardman Twp. Civ. Serv. Comm.*, 7th Dist. No. 04 MA 36, 2004-Ohio-5931, 2004 WL 2521398, ¶ 26. The court of appeals did not raise any jurisdictional issues. Neither did the defendant.

## ORDER

{¶ 14} IT IS THEREFORE ORDERED that defendant's motion to dismiss, or in the alternative, to transfer venue is denied.

Motion denied.