THE STATE, EX REL. SILCOTT, *v.* SPAHR, JUDGE.

[Cite as State, ex rel. Silcott, *v.* Spahr (1990), 50 Ohio St. 3d 110.]

(No. 89-1681—Submitted February 13, 1990—Decided April 11, 1990.)

*Max Kravitz,* for relator.
*Kenneth W. Oswalt,* assistant prosecuting attorney, for respondent.

*Per Curiam.* We view the conflict between App. R. 8 and Crim. R. 46, on the one hand, and R.C. 2949.02 and 2953.09, on the other, as a conflict involving procedural matters. Section 5(B), Article IV of the Ohio Constitution[1] commits matters of practice and

---

[1] Section 5(B), Article IV provides in part:

"The supreme court shall prescribe rules governing practice and procedure in

procedure in Ohio courts to this court's rulemaking authority. Accordingly, we hold that App. R. 8 and Crim. R. 46 prevail over the conflicting statutes and grant a peremptory writ of mandamus as demanded by relator.[2]

There is no constitutional right in this state to bail pending appeal. *In re Halsey* (1931), 124 Ohio St. 318, 178 N.E. 271; *Dapice* v. *Stickrath* (1988), 40 Ohio St. 3d 298, 533 N.E. 2d 339. However, R.C. 2953.09(A)(2)(a) provides a limited right to apply for bail pending appeal:

"If a notice of appeal is filed pursuant to the Rules of Appellate Procedure by a defendant who is convicted in a municipal or county court or a court of common pleas of a felony or misdemeanor under the Revised Code or an ordinance of a municipal corporation, the filing of the notice of appeal does not suspend execution of the sentence or judgment imposed. However, consistent with divisions * * * (B) * * * and (C) of this section, Appellate Rule 8, and Criminal Rule 46, the municipal or county court, court of common pleas, or court of appeals may suspend execution of the sentence or judgment imposed during the pendency of the appeal, and shall determine whether that defendant is entitled to bail and the amount and nature of any bail that is required. Such bail shall at least be conditioned that the defendant will prosecute the appeal without delay and abide by the judgment and sentence of the court."

R.C. 2953.09(B) and (C) then purport to limit the right to apply for bail by withholding authority from trial courts to grant it to defendants convicted of certain offenses of violence, including involuntary manslaughter:

"(B) Notwithstanding any provision of Criminal Rule 46 to the contrary, a trial judge of a court of common pleas shall not release on bail pursuant to division (A)(2)(a) of this section a defendant who is convicted of a bailable offense if he is sentenced to imprisonment for life or if that offense is a violation of section * * * 2903.04 * * * of the Revised Code.

"(C) If a trial judge of a court of common pleas is prohibited by division (B) of this section from releasing on bail pursuant to division (A)(2)(a) of this section a defendant who is convicted of a bailable offense and not sentenced to imprisonment for life, the appropriate court of appeals or two judges of it, upon motion of such a defendant and for good cause shown, may release the defendant on bail in accordance with division (A)(2) of this section."

R.C. 2949.02(A) contains similar authority to that of R.C. 2953.09 (A)(2)(a), and R.C. 2949.02(B) and (C) contain limitations on trial courts similar to that of R.C. 2953.09(B) and (C).

Despite the preface, "[n]otwithstanding any provision of Criminal Rule 46 to the contrary," R.C. 2953.09(B) and 2949.02(B) primarily

---

all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. * * *"

[2] In so holding, we overrule respondent's motion to dismiss and treat the memorandum in support as a brief on the merits.

conflict not with Crim. R. 46 but with App. R. 8(B), which provides in part:

*"Release on bail and suspension of execution of sentence pending appeal from a judgment of conviction.* Application for release on bail and for suspension of execution of sentence after a judgment of conviction shall be made in the first instance in the trial court. Thereafter, if such application is denied, a motion for bail and suspension of execution of sentence pending review may be made to the court of appeals or to two judges thereof. * * *"

The right to apply for bail pending appeal is clearly a substantive right and can only be granted by statute absent a constitutional provision. However, the procedure to be followed in applying for bail has been committed to this court's rulemaking authority by Section 5(B), Article IV, Ohio Constitution, and is currently governed by App. R. 8, which became effective on July 1, 1971. Section 5(B), Article IV also clearly invalidates statutes that conflict with valid rules.

We faced a similar issue in *State* v. *Greer* (1988), 39 Ohio St. 3d 236, 530 N.E. 2d 382. That case involved a conflict between Crim. R. 24, which permitted only six peremptory challenges of jurors in capital cases, and R.C. 2945.21(A)(2), which permitted twelve, "[n]otwithstanding Criminal Rule 24." We held in paragraph two of the syllabus:

"The right to peremptorily challenge jurors during voir dire is a substantive right. The numerical limitation imposed by Crim. R. 24(C) upon the exercise of such right reasonably regulates it. Accordingly, Crim. R. 24(C) is a rule 'governing practice and procedure' under Section (5)(B), Article IV of the Ohio Constitution. R.C. 2945.21(A)(2) is a law 'in conflict with such rule' and is therefore 'of no further force and effect.' Section (5)(B), Article IV of the Ohio Constitution."

The present facts are parallel to those in *Greer*. Having granted a substantive right to apply for bail and allowed the procedural rule regulating that right to become effective, the General Assembly then seeks to limit the rule's effect in violation of this court's rulemaking authority granted by Section 5(B), Article IV. The result must also be the same, and the purported statutory regulation of the procedural matter must fail.

We are aware that R.C. 2953.09 and 2949.02 are so constructed as to arguably make the purported limitation on trial courts' authority jurisdictional and hence a substantive matter. We do not view the limitations as jurisdictional, however, because to do so would permit the General Assembly to invalidate any otherwise valid rule by withholding from a court, or all courts, authority to follow it. Such a holding would frustrate the clear mandate of Section 5(B), Article IV that this court's rules shall govern matters of practice and procedure. The proper procedure is for the General Assembly to invalidate this court's rules before they become effective by a resolution of disapproval. This procedure is set forth in Section 5(B), Article IV.

We hold, therefore, that a valid procedural rule can be invalidated only by a resolution of disapproval under Section 5(B), Article IV and that once in effect, rules governing practice and procedure cannot be later invalidated by a purported withholding of "jurisdiction" to follow them.

We perceive no infirmity in withholding from some convicted violent offenders the statutorily granted right to bail pending appeal. See *In re Halsey, supra.* But we do perceive a constitutional infirmity in

attempting to limit application of a current procedural rule regulating that bail. Accordingly, we hold that insofar as R.C. 2953.09 and 2949.02 conflict with App. R. 8, they violate Section 5(B), Article IV, Ohio Constitution, and are of no force and effect. We allow the peremptory writ of mandamus and order respondent to determine under Crim. R. 46 whether relator may be admitted to bail, and if so, under what conditions.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.