**The STATE of Ohio**

v.

**IACONA.**

Court of Common Pleas of Ohio,
Medina County.

No. 97 CR 0171.

Decided April 27, 1998.

*Dean Holman,* Medina County Prosecuting Attorney, for the state.

*Mark DeVan,* for defendant.

JAMES L. KIMBLER, Judge.

This matter came on the state's motion to revoke the bond set by this court on February 13, 1998. That bond was set following the sentencing of the defendant, Audrey Iacona. The bond was set pursuant to Crim.R. 46, which allows a trial court to either continue a bond set prior to trial or to set a new bond, if the trial court feels that the bond as set prior to the sentencing is not sufficient to guarantee the defendant's appearance when the sentence is executed.

The bond set by the court following the sentencing was $1,000,000. In her response to the state's motion, the defendant refers to the bond as "draconian" and also asserts that it was set pursuant to a request from the state. Actually, the bond was set by the court on its own initiative. Furthermore, the court believes that there is a significant risk that the defendant will not appear for execution of sentence if there is not a high bond posted by her and/or her family. This court felt that way on February 13, and the events of the past two months have, if anything, strengthened the court's belief.

There are several issues raised by the state's motion. First is whether the defendant is entitled to an appeal bond where a notice of appeal has not been filed; second is whether this court has jurisdiction to set an appeal bond; and third is whether a recent amendment to the Ohio Constitution applies to this case.

In deciding the first issue, the language of Crim.R. 46 is instructive. Crim.R. 46(E) allows a trial court to set a bond either after conviction and while a defendant is awaiting sentencing, or has filed a notice of appeal. In this case, the defendant has been sentenced, but has not yet filed a notice of appeal.

█ This court has jurisdiction to set bail in such a circumstance, and may change the terms of the order setting bail. Crim.R. 46(E). Therefore, this court had jurisdiction to set the defendant's bail at $1,000,000 following her conviction.

█ With regard to the second issue, the court finds that it has jurisdiction to set the bail of the defendant pursuant to Crim.R. 46 and App.R. 8. This court finds that R.C. 2953.02 is in conflict with these rules and therefore invalid under Section 5(B), Article IV, of the Ohio Constitution. *State ex rel. Silcott v. Spahr* (1990), 50 Ohio St.3d 110, 552 N.E.2d 926.

In so ruling this court is aware of Section 9, Article I of the Ohio Constitution which was amended on January 1, 1998. That amendment, however, was after R.C. 2953.02 was adopted. Since R.C. 2953.02 conflicted with Section 5(B), Article IV, at the time it was adopted, it has never been valid. Consequently this court holds that if the General Assembly reenacts R.C. 2953.02, such a reenacted

version would be valid pursuant to Section 9, Article I of the Ohio Constitution, but until it does so, the present version of that section is invalid.

Therefore, the state's motion is overruled.

*So ordered.*