JOURNAL ENTRY AND OPINION
{¶ 1} On October 10, 2007, the relator, Anthony George, commenced this procedendo action against the respondent, Judge Janet Burnside, to compel the judge to issue findings of fact and conclusions of law for a postconviction petition and to grant his motions for a transcript and appointment of counsel which he filed in the underlying case, State v.George, Cuyahoga County Common Pleas Court Case No. CR-461156. On November 1 the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds that the respondent has ruled on George's petitions and motions, and thus he cannot establish the grounds for procedendo. George filed his brief in opposition on November 20, 2007. For the following reasons, this court grants the respondent's motion for summary judgment and denies the writ.
 {¶ 2} The writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment.Yee v. Erie County Sheriff's Department (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Court ofAppeals, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue if relator has or had an *Page 4 
adequate remedy at law. State ex relUtley v. Abruzzo (1985),17 Ohio St.3d 202, 478 N.E.2d 789 and State ex rel. Hansen v. Reed (1992),63 Ohio St.3d 597, 589 N.E.2d 1324.; State ex rel. Sibarco v. City ofBerea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, cert. denied (1967), 386 U.S. 957; Ross v. Saros, 99 Ohio St.3d 412, 2003-Ohio-4128,792 N.E.2d 1126; and State ex rel. LTV Steel Company v. Gwin (1992),64 Ohio St.2d 245, 594 N.E.2d 616.
 {¶ 3} In the instant matter on April 12, 2005, the trial court sentenced George, who had pleaded guilty to burglary, criminal damaging, menacing and violating a protective order, to eight years and five months imprisonment. On October 27, 2005, George moved for a delayed appeal which this court denied on November 29, 2005. Also in November 2005, George filed a motion to withdraw his guilty plea, which the trial court denied on November 28, 2005. This court affirmed that decision because George had not demonstrated through a transcript or citation to appropriate legal authority a manifest injustice to support his post-sentence motion. State v. George, Cuyahoga App. No. 87511,2006-Ohio-4897.
 {¶ 4} The docket further reveals that on February 28, 2006, George filed his postconviction petition. On March 22, 2006, the trial court issued the following order: "Defendant's petition to vacate or set aside sentence and judgment is denied. Defendant's petition denied on the grounds that it is untimely filed."[1] George then *Page 5 
moved for a complete transcript in early January 2007, and the trial court denied the motion on January 11, 2007. On the same day the trial court also issued an entry denying George's motion for a court appointed attorney. On August 31, 2007, George filed proposed amended/supplemental pleadings pursuant to the R.C. 2953.21(F), as well as a motion for leave to amend or supplement the pleadings. George asserts that this is the subject postconviction petition for the procedendo action. On September 13, 2007, the trial court denied the motion for leave to amend and issued the following entry: "Defendant's [petitioner's] proposed amended/supplemental pleadings, etc. is denied. Petition will not be considered as leave to amend same was not granted."
 {¶ 5} The Supreme Court of Ohio in State ex rel. Kimbrough v.Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ruled that a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely postconviction petition. Therefore, the trial court proceeded to judgment when it summarily denied the February 28, 2006 and the August 31, 2007 petitions. Moreover, in stating that the February petition was denied because it was untimely and the August petition would not be considered because leave was not granted, the trial court fulfilled its duty to provide findings of fact and conclusions of law. State ex *Page 6 rel. Carrion v. Harris, (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. Furthermore, the August 2007 petition may not have been an authentic postconviction petition, but a stillborn attempt to amend a petition which had already been denied. Assuming arguendo, that it was a full postconviction petition, the trial court need not have issued findings of fact and conclusions of law because there is no duty to do so for successive petitions. Gause v. Zaleski (1999), 85 Ohio St.3d 614,710 N.E.2d 684, and State ex rel. Workman v. McGrath (1988),40 Ohio St.3d 91, 532 N.E.2d 105.
 {¶ 6} Similarly, the trial judge has ruled on George's motions for transcript and appointment of counsel. To compel the judge to grant these motions would exceed the bounds of procedendo because that writ may not control judicial discretion. Moreover, as to any of these issues, George had an adequate remedy at law through appeal.
 {¶ 7} George argues that this court should adopt the federal principles of procedural default, i.e., that if a federal habeas corpus petitioner can establish good cause and resulting prejudice for his failure to follow state law procedure, then the court may ignore the procedural default and hear the merits of his claim. George asserts that his actual innocence, ineffectiveness of counsel, the failure to appoint counsel, and the trial court's lack of subject matter jurisdiction provide good cause for ignoring his procedural mistakes and, thus, to compel the trial judge to order a transcript, appoint an attorney and reach the merits of his postconviction petition(s). This argument is unpersuasive. An extraordinary writ is not the remedy to pursue *Page 7 
when endeavoring to effect a radical change in Ohio law. An appeal with its full record to test the allegations of good cause and prejudice would be more appropriate, if not necessary.
 {¶ 8} Accordingly, because the respondent has proceeded to judgment in accordance with well-established Ohio law, the motion for summary judgment is granted and the application for a writ of procedendo is denied. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
MELODY J. STEWART, JUDGE, ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] R.C. 2953.21(A)(2) provides that a postconviction petition shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction, or if no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for appeal. *Page 1