JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On December 13, 2007, the relator, Bruce Andrew Brown, commenced this prohibition action against the respondents, the Lyndhurst Municipal Court, Judge Mary Kaye Bozza, and Acting Judge Frank Zobec, to prohibit the respondents from enforcing the judgment in the underlying case,Greensibs LLC v. Brown, Lyndhurst Municipal Court Case No. 07CVG01493, a forcible entry and detainer action. Brown submits that the trial court is without jurisdiction to enforce its judgment, because the case is on appeal. On January 17, 2008, the respondents filed an answer, but not a dispositive motion. For the following reasons, this court denies the application for a writ, sua sponte.
 {¶ 2} In his prohibition complaint Brown alleges that he is one of the defendants in the underlying case and that on November 19, 2007, he perfected an appeal of the matter to this court, Greensibs LLC v.Brown, Case No. 90680. Nevertheless, on December 11, 2007, Judge Zobec issued an order granting plaintiff's motion for a thirty-day extension on its writ of restitution and for other orders to facilitate the commencement of the move out process. Brown argues that because the appeal has transferred jurisdiction of the underlying case from the municipal court to the court of appeals, the municipal court is without jurisdiction to take any action whatsoever on the case, including enforcing its judgment. *Page 4 
Accordingly, prohibition lies to prevent the respondents from enforcing the restitution of the property to the plaintiffs.[1]
 {¶ 3} The general rule is that a trial court loses jurisdiction after an appeal is perfected, except to take action in aid of the appeal or when a remand is ordered for a ruling on a pending motion; the trial court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is taken. Yee v. Erie County Sheriff's Department
(1990), 51 Ohio St.3d 43, 533 N.E.2d 1354; In re Mahoning ValleySanitary Dist. (1954), 161 Ohio St. 259, 119 N.E.2d 61; Majnaric v.Majnaric (1975), 46 Ohio App.2d 157, 347 N.E.2d 552; Vavrina v.Greczanik (1974), 40 Ohio App.2d 129, 318 N.E.2d 408; Society *Page 5 National Bank v. Perry (Sept. 19, 1991), Cuyahoga App. No. 59015; andState ex rel. Nickerson v. Suster (Sept. 25, 1996), Cuyahoga App. No. 70707.
 {¶ 4} However, the trial court retains jurisdiction to enforce its judgment, absent the trial court or the court of appeals granting a stay and setting a bond. R.C. 2505.09 provides in pertinent part: "an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *." In the instant matter this court initially granted a stay until November 29, 2007, to allow the appellee to file a response brief to Brown's motion for a stay. On November 29, 2007, this court denied Brown's verified request for extension of the stay of execution. Thus, there is no stay in effect, and the trial court has the authority to enforce its judgment.
 {¶ 5} In State ex rel. Klein v. Chorpening (1983), 6 Ohio St.3d 3,450 N.E.2d 1161, the Supreme Court of Ohio considered a nearly identical prohibition action. Klein was a defendant in an action in which judgment was rendered against all defendants, and the plaintiffs began proceedings in aid of judgment. Klein did not comply with the proceedings, but instead filed an appeal. He did not seek and the court of appeals did not grant a stay. After Klein had been arrested pursuant to a bench warrant for failing to comply with the proceedings in aid of execution, he brought a prohibition action in the Supreme Court of Ohio and argued that the trial judge had lost jurisdiction over the subject matter and person when he appealed. *Page 6 
The Court rejected this argument and denied the writ of prohibition. It first noted that under R.C. 2505.09 an appeal does not act as an automatic stay of execution; rather, a stay with a supersedeas bond must be obtained. "Until and unless a supersedeas bond is posted the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same." 6 Ohio St.3d at 4. This court followed Klein inState ex rel. Bartak v. The Cuyahoga Cty. Court of Common Pleas (July 27, 1992), Cuyahoga App. No. 63444.
 {¶ 6} Similarly, in Davis v. Davis (1988), 55 Ohio App.3d 196, 201,563 N.E.2d 320, this court affirmed the principle that "[the trial court] retained authority to permit or preclude the enforcement of its judgment until the appellant posted an approved supersedeas bond." InGullia v. Gullia (July 8, 1993), Cuyahoga App. No. 62476, this court ruled that the trial court retained jurisdiction to enforce its orders while the case was on appeal and after the appellant's motion for stay had been denied.
 {¶ 7} This court further notes that this matter is moot. The subject order granted a thirty-day extension from December 11, 2007. That thirty-day time period has lapsed.
 {¶ 8} Accordingly, this court denies the application for a writ of prohibition. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). *Page 7 
COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Courtof Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273 and Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel.Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 andState ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387,668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown LocalSchool Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v.Trumbull Cty. Court, 64 Ohio St.3d 502, 1992-Ohio-116,597 N.E.2d 116. *Page 1