[Cite as *State v. Mayle*, 2015-Ohio-4838.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 BE 39 |
| V. | ) | |
| | ) | OPINION |
| MICHAEL ERIC MAYLE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Northern Division
Court of Belmont County, Ohio
Case No. 13 CRB 0718-01

JUDGMENT: Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee                      Marc S. Davis
                                            Assistant Attorneys General
                                            Paul Scarsella
                                            Senior Assistant Attorney General
                                            Ohio Attorney General's Office
                                            Health and Human Services Section
                                            30 East Broad Street, 26th Floor
                                            Columbus, Ohio 43215

For Defendant-Appellant                     Attorney Adam L. Myser
                                            320 Howard St.
                                            Bridgeport, Ohio 43912

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                            Dated: November 20, 2015

DONOFRIO, P.J.

{¶1} Defendant-appellant, Michael Mayle, appeals from a Belmont County Northern Division Court judgment convicting him of vehicular manslaughter for negligently causing the death of another while operating a motor vehicle, following a jury trial.

{¶2} On May 3, 2013, appellant was driving his truck in Martins Ferry. He stopped at a stop sign at a four-way intersection. Appellant then made a right turn.

{¶3} At the same time as appellant was making his turn, a City of Martins Ferry dump truck approached the intersection. The dump truck was perpendicular to appellant's truck. The driver of the dump truck, Kenneth Fogle, noticed a pedestrian on the sidewalk at the right-hand corner of the intersection closest to him. Fogle waived for the pedestrian, Michael Bumgardner, to cross in front of the dump truck. Bumgardner walked in front of the dump truck across the first part of the intersection. As he was crossing the second part of the intersection, appellant made his right turn, struck Bumgardner, and ran him over. Bumgardner died from his resulting injuries.

{¶4} Appellant was charged with two counts of vehicular manslaughter: one count of negligently causing the death of another while operating a motor vehicle, a first-degree misdemeanor in violation of R.C. 2903.06(A)(3)(a); and one count of causing the death of another while committing a traffic violation, a second-degree misdemeanor in violation of R.C. 2903.06(A)(4).

{¶5} The matter proceeded to a jury trial. The jury found appellant guilty of negligently causing the death of another while operating a motor vehicle and not guilty of causing the death of another while committing a traffic violation.

{¶6} Subsequently, the trial court sentenced appellant to 180 days in jail, all suspended except for 60 days to be served as community service; a 30-month driver's license suspension; and three years of probation. It also fined appellant $500 plus jury fees and court costs.

{¶7} Appellant filed a timely notice of appeal on September 8, 2014. On appellant's motion, the trial court stayed the execution of his sentence pending this appeal. Appellant now raises two assignments of error. We will address appellant's

assignments of error out of order for ease of discussion.

{¶8} Appellant's second assignment of error states:

THE TRIAL COURT'S FAILURE TO INCLUDE WRITTEN JURY INSTRUCTIONS WITH THE "PAPERS OF THE CASE" TO THE JURY FOR DELIBERATION, UNDER R.C. 2945.10(G), WAS ERROR WHICH AFFECTED THE APPELLANT'S SUBSTANTIAL RIGHTS AND THE OUTCOME OF HIS TRIAL.

{¶9} The jury submitted two questions to the court during its deliberations. The first asked, "What if there is a split decision on one charge? Is it a not guilty verdict or a hung Jury?" (Tr. 224). The second question simply asked, "Due care?" (Tr. 224). The trial court construed the second question as the jury asking the court to define "due care." (Tr. 224). The court discussed the questions with both counsel. When the court began discussing the definition of "due care," it mentioned that it had not sent a written copy of the jury instructions back with the jury to reference during their deliberations. (Tr. 227). This took defense counsel by surprise. (Tr. 227, 231).

{¶10} Defense counsel then objected to the jurors not having the entire set of jury instructions with them. (Tr. 229). The court pointed out that counsel had not made this request. (Tr. 230). But counsel stated that he believed the court was providing the written instructions to the jurors. (Tr. 230). Counsel then noted his objection once again and made clear for the record that he was unaware that the court had not already provided the written instructions to the jurors. (Tr. 231).

{¶11} In this assignment of error, appellant argues the trial court erred in failing to provide the jury with a written copy of the jury instructions. He claims this error prejudiced the outcome of the trial because the jury's question regarding due care indicated that they did not fully comprehend the jury instructions. Appellant further points out that when the trial court read the jury the definition of "due care" in response to their question, it did not define any of the sub-terms of due care or in what light due care was to be applied. For example, appellant points out the court

stated that the "failure to use due care must be substantial" but it failed to go on to define "substantial." Appellant asserts the jury must be able to consider all of the terms and instructions together in order to properly apply them.

{¶12} Pursuant to R.C. 2945.10(G), the trial court shall reduce the jury charge to writing if either party requests it before closing arguments. The jury shall take any written instructions with them for use in their deliberation and the instructions shall remain on file with the papers of the case. R.C. 2945.10(G).

{¶13} Moreover, Crim.R. 30(A) provides:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. *The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.*

(Emphasis added.) See also, *State v. Jallah*, 8th Dist. No. 101773, 2015-Ohio-1950, ¶91; *State v. Howard*, 2d Dist. No. 23795, 2011-Ohio-27, ¶83.

{¶14} Crim.R. 30(A) was amended in 2005. Prior to that time, the last sentence read: "The court need not reduce its instructions to writing." The old version of the rule did not include the sentence stating that the court *shall* reduce its instructions to writing or make a recording of the instructions and provide a copy to the jury for use during deliberations.

{¶15} The Staff Notes to Crim.R. 30(A) indicate that the 2005 amendment

mandated the practices of (1) reducing final jury instructions to writing or making an audio, electronic, or other recording of the instructions, (2) providing at least one written copy or recording of the instructions to the jury to use during deliberations, and (3) preserving the instructions for the record. The Staff Notes state that the amendment was meant to increase juror comprehension of the instructions, reduce juror questions of the court, and help jurors structure their deliberations.

{¶16} There is a conflict between R.C. 2945.10(G) and Crim.R. 30(A). The statute only requires written instructions be provided to the jury if requested by counsel before closing arguments. The Criminal Rule, however, requires the trial court to provide either a written copy or an audio copy of the instructions to the jury. The Criminal Rule does not contain the prerequisite that counsel must request the court to provide a copy of the instructions to the jury.

{¶17} "Under the authority of Section 5(B), Article IV of the Ohio Constitution, the Criminal Rules supersede the analogous statutes to the extent of any conflict." (Footnote omitted.) *State v. Tate*, 59 Ohio St. 2d 50, 53-54, 391 N.E.2d 738 (1979). "In the event of a conflict between a statute and a criminal rule involving a procedural matter, the rule prevails." *State v. Dudas*, 11th Dist. No. 2011-L-094, 2012-Ohio-2122, ¶25, citing *State ex rel. Silcott v. Spahr*, 50 Ohio St.3d 110, 552 N.E.2d 926 (1990).

{¶18} Thus, in this case, Crim.R. 30(A) prevails over R.C. 2945.10(G). Pursuant to the Rule, the trial court was required to provide the jury with either a written or an audio copy of the instructions that it read to them. The court erred in not doing so. Defense counsel also objected to the matter.

{¶19} Moreover, the fact that the jury asked the court to define "due care" indicates that they did not remember the definition from the court's oral instructions and would have benefited from having a copy of the instructions with them during deliberations. And, as appellant points out, when the court read the jury definition of "due care" it stated that the lapse or failure to use due care had to be "substantial." (Tr. 235). But it then told the jury, "I advised you as to the definition of that term."

(Tr. 235). It did not re-read the definition of "substantial" to the jury.

{¶20} In sum, the trial court failed to comply with Crim.R. 30(A). The court should have provided the jury with either a written or an audio copy of its instructions.

{¶21} Accordingly, appellant's second assignment of error has merit.

{¶22} Appellant's first assignment of error states:

THE TRIAL COURT ERRORED [sic.] WHEN IT ABUSED ITS DISCRETION IN OVERRULING THE APPELLANT'S MOTION FOR A MISTRIAL BASED ON THE GROUNDS OF A "BRADY VIOLATION."

{¶23} Plaintiff-appellee, the State of Ohio, presented four witnesses in this case. Martins Ferry Police Sergeant Robert Walton was its final witness. On cross examination, Sgt. Walton testified that a BCI (Bureau of Criminal Identification and Investigation) report was completed and the findings were in his file. (Tr. 121). Neither defense counsel nor the prosecutor had ever seen the BCI report. (Tr. 121). Both counsel reviewed the report at that time. (Tr. 121). Defense counsel then continued with cross examination. Shortly thereafter, defense counsel was clarifying with Sgt. Walton that an incident report was prepared in this case as opposed to a crash report or an accident report. (Tr. 129). Sgt. Walton then testified that a traffic crash report was completed. (Tr. 129). Again, neither defense counsel nor the prosecutor had seen the report. (Tr. 129-130). After a brief recess to review Sgt. Walton's file, defense counsel moved for a mistrial. (Tr. 132-133). Defense counsel argued the police committed "egregious misconduct" by not disclosing "substantial pieces of discovery" during the 16 months since the accident occurred to either defense counsel or the prosecutor. (Tr. 132). The trial court overruled the motion for a mistrial. (Tr. 138).

{¶24} Appellant now argues that the state suppressed relevant evidence, which was favorable to him, and the state's actions resulted in prejudice. Appellant contends the prosecutor had an ongoing duty to communicate with the Martins Ferry Police Department and BCI to learn of any reports or evidence stemming from their

investigations. He asserts the prosecutor failed in this duty and notes the prosecutor admitted this information should have been provided to defense counsel prior to trial. (Tr. 136).

**{¶25}** Given our resolution of appellant's second assignment of error, his first assignment of error is moot.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded for a new trial.

DeGenaro, J., concurs.

Robb, J., concurs.