[Cite as *State ex rel. Cornely v. McCall*, 2020-Ohio-4384.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. JOHN P. CORNELY,　　:

　　Relator,　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　No. 109832

　　v.　　　　　　　　　　　　　:

JUDGE SHIELA TURNER MCCALL,　　:

　　Respondent.　　　　　　　　:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**　WRIT GRANTED
**DATED:**　September 4, 2020

---

Writ of Procedendo
Order No. 540923

---

***Appearances:***

Jay F. Crook, *for relator.*

Barbara A. Langhenry, Cleveland Director of Law, and
Craig J. Morice, Assistant Director of Law, *for respondent.*

LARRY A. JONES, SR., J.:

{¶ 1} On July 15, 2020, the relator, John P. Cornely, commenced this procedendo action against the respondent, Judge Shiela Turner McCall, to compel her to rule on a motion for stay that he filed on May 18, 2020, in the underlying case, *Cleveland v. Cornely*, Cleveland M.C. No. 2018 CRB 017558. Pursuant to this court's directions, the parties have filed evidence and briefs, and this matter is ripe

for decision. For the following reasons, this court grants the writ of procedendo and orders the respsondent judge to rule on the May 18, 2020 motion for stay forthwith.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} On October 1, 2018, in the underlying case, Cornely was charged with one count of domestic violence against his wife and two counts of endangering his children. The trial court issued a no-contact order, including the children. In January 2019, the prosecution nolled the two child endangering counts, and Cornely pled guilty to domestic violence. The court sentenced him to 180 days in jail, with 180 days suspended upon completion of three years of community control. The conditions of community control included completing several courses and performing sixty hours of community service. The original no-contact order was to remain in effect until May 14, 2019.

{¶ 3} On that date, the respondent judge ordered that the no-contact order, including the minor children, would remain in effect until further order of the court. On February 13, 2020, Cornely filed a motion to terminate or in the alternative to modify the domestic violence protection order, to allow visitation with his children. The respondent judge denied that motion on February 19, and Cornely appealed that decision on February 28, 2020, *Cleveland v. Cornely*, 8th Dist. Cuyahoga No. 109556.

{¶ 4} When the respondent judge did not rule on the subject May 18, 2020 motion, he sought a stay of the no-contact order in the appellate case on June 20. This court denied the motion for stay, because App.R. 8(B) provides that the

appellant's application for stay "shall be made in the first instance in the trial court." This court then noted that the subject motion for stay was still pending before the respondent judge. Cornely then filed the instant procedendo action. On July 27, 2020, this court issued an alternative writ: either rule on the motion for stay or show cause why she does not have to do so. The respondent judge endeavored to show cause by arguing that the transfer of jurisdiction principle deprived her of jurisdiction to rule on the motion and that Cornely by filing an appeal was pursuing an adequate remedy at law, which precludes an extraordinary writ.

## DISCUSSION OF LAW

{¶ 5} The writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 42, 553 N.E.2d 1254 (1990). Procedendo is appropriate when a court had either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue if the relator has or had an adequate remedy at law. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 478 N.E.2d 789 (1985) and *State ex rel. George v. Burnside*, 8th Dist. Cuyahoga No. 90531, 2007-Ohio-6632.

{¶ 6} The respondent judge's arguments are ill-founded. The transfer of jurisdiction principle is that a trial court loses jurisdiction after an appeal is perfected except to take action in aid of the appeal; the trial court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, or modify the order from which the appeal is taken. *Yee, supra.* Furthermore, the trial court retains jurisdiction to enforce its judgment, absent the trial court or the court of appeals granting a stay. R.C. 2505.09 and App.R. 8 provide the mechanism through which an appellant may seek a stay. *State ex rel. Brown v. Lyndhurst Mun. Court*, 8th Dist. Cuyahoga No. 90779, 2008-Ohio-607.

{¶ 7} App.R. 8 provides in pertinent part as follows:

(A) The discretionary right of the trial court or the court of appeals to admit a defendant in a criminal action to bail and to suspend the execution of his sentence during the pendency of his appeal is as prescribed by law.

(B) Application for release on bail and for suspension of execution of sentence after a judgment of conviction shall be made in the first instance in the trial court. Thereafter, if such application is denied, a motion for bail and suspension of execution of sentence pending review may be made to the court of appeals * * *.

Thus, if the rules of court explicitly provide for and require the trial court to rule on a motion for stay, then the trial court has jurisdiction to do so.

{¶ 8} The Supreme Court of Ohio in *State ex rel. Silcott v. Sparh*, 50 Ohio St.3d 110, 552 N.E.2d 926 (1990), on a similar procedural posture, granted a writ of mandamus to compel a trial court judge to rule on a motion for stay and continuation of bail, when the judge refused to rule on it because of a perceived

conflict between the rule and the R.C. 2949.02 and 2953.09. The Supreme Court ruled that "Section 5(B), Article IV of the Ohio Constitution committed matters of practice and procedure in Ohio courts to this court's rulemaking authority." 50 Ohio St.3d at 110. Therefore, the rules control over the statutory provisions. So too, in the instant case, the rules control over the general principle of the transfer of jurisdiction.

{¶ 9} The respondent judge's reliance on *State ex rel. Dobson v. Handwork*, Supreme Court of Ohio Case No. 2019-1198, 2020-Ohio-1069, is misplaced. In that case an attorney was found guilty of seven lower-level felonies and the trial judge imposed a community control sanction that included a no-contact provision of other individuals on probation, parole, or community control, or who had been convicted of a felony. After the attorney appealed, he also moved the trial court to modify his sentence to allow contact with such individuals in a professional capacity, and the trial judge granted the motion. The Supreme Court granted the writ of prohibition to vacate the judge's order modifying the sentence on the transfer of jurisdiction principle. In the present case, this court has examined the subject motion and finds that it is an authentic motion to stay and not a motion to modify sentence. Therefore, *Dobson* and the transfer of jurisdiction principle are inapplicable.

{¶ 10} Similarly, the judge's adequate remedy at law argument is ill-founded. It conflates the remedy for correcting any error in a sentence with a remedy for not ruling on a motion to stay the sentence. Cornely argues that there is

error in the sentence; the remedy for that is appeal. Cornely also argues that he has a right to a ruling on the subject motion for stay. The remedy for a refusal to proceed to judgment on a motion is a writ of procedendo. Indeed, there can be no appeal from a nonruling, because there is no order from which to appeal.

{¶ 11} Cornely also argues that this court should impose sanctions against the respondent judge because the arguments are so ill-founded as to be frivolous. The court declines to impose sanctions.

{¶ 12} Accordingly, this court issues the writ of procedendo and orders the respondent judge to rule on the subject May 18, 2020 motion for stay forthwith. Respondent to pay costs. The court instructs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 13} Writ of procedendo granted.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR